IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VINCENT E. LOGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-119 |
| | ) | |
| SUSIE BEHLING and JAMES JOSEPH | ) | |
| BROWN (Expired), | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff, who is in custody at the Colorado Mental Health Institute in Pueblo, Colorado, has submitted to the Court for filing a civil complaint and is proceeding *in forma pauperis* ("IFP"). He has also filed a "Motion to Move the Court to Review Carriers." (Doc. no. 7.) Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.  SCREENING OF THE COMPLAINT**

   **A.  BACKGROUND**

In the complaint, Plaintiff names as Defendants singer James Brown and Mr. Brown's mother Susie Behling, both of whom are deceased. (Doc. no. 1.) Plaintiff claims he "was fathered by James Brown (Godfather of Soul)," and that Ms. Behling "left an inherentence [sic] and estate not yet received." (Id. at 3.) Plaintiff also claims that "he assist the (exspired) Michael Jackson co-write "Thriller" [sic]," but was not paid. (Id.)

Plaintiff further alleges that "the Chi-Lites stole music from Plaintiff's mother," but "no royalties were gave [sic]." (Id.) Plaintiff seeks payment of "all of [his] due royalties." (Id. at 5.)

In his subsequently filed "Motion to Move the Court to Review Carriers," Plaintiff lists several character witnesses that are well-known in the music industry, such as Ice T, Quincy Jones, Diana Ross, Michael Jackson, Berry Gordy, and Smokey Robinson. (Doc. no. 7, p. 1.) Plaintiff attaches two incoherent, rambling letters to the motion, in which he describes his purported relationship to James Brown and his part in writing various musical material, and references a conspiracy to commit murder perpetrated by the Motown recording label. (Id. at 3-4.)

**B. DISCUSSION**

    **1. Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. This Action Should Be Dismissed as Frivolous Because Plaintiff's Allegations Are Irrational and Incredible.

"Dismissal for frivolity is warranted when a claim is based on an indisputably meritless legal theory, or when it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. U.S. Government, 540 F. App'x 916, 917 (11th Cir. 2013) (*per curiam*) (quoting Denton v. Hernandez, 504 U.S. 25, 32–33, (1992)).[1] "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...." Id. (internal quotations omitted) (quoting Denton, 504 U.S.at 33.). The instant action should be dismissed as frivolous because Plaintiff's allegations are clearly baseless, fanciful, fantastic, and delusional. See id. Although *pro se* litigants are generally given an opportunity to amend a defective complaint, the Court will not allow amendment in this case because none of Plaintiff's allegations are credible or rational, and any amendment would therefore be futile. See id. at 918 ("[T]he district court did not abuse its discretion by not affording [plaintiff] an opportunity to amend her complaint because any amendment would been futile, as none of [plaintiff's] allegations are credible or rational.").

---

[1] See also Carter v. Ingalls, 576 F. Supp. 834, 835-37 (S.D. Ga. 1983) (Bowen, J.) (plaintiff's case raising claims that, *inter alia*, he was given improper medication, blue ink and glass were placed in his brain, and prison officials created fake pictures of the plaintiff having sexual intercourse with a dog, was subject to *sua sponte* dismissal because of its "patent lack of merit and want of realistic chances of ultimate success."); Geiger v. Ga. Dep't of Corr., No. CV 111-161, 2011 WL 6963100, at *1 (S.D. Ga. Nov. 30, 2011) (recommending dismissal of case for frivolity where plaintiff alleged a bugging device had been implanted in his tooth), *report and recommendation adopted by*, 2012 WL 37385 (Hall, J.).

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, the motion for review of carriers be **DENIED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of July, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA